# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

THOMAS DOYLE,

    Plaintiff,

v.

NOAH MARSHAL, et al.,

    Defendants.

Case No. 1:19-cv-01435-LJO-SKO

**ORDER DIRECTING PLAINTIFF TO ELECT *HABEAS CORPUS* OR 42 U.S.C. § 1983 ACTION**

**ORDER GRANTING PLAINTIFF LEAVE TO AMEND COMPLAINT**

**(Doc. 1)**

**TWENTY-ONE (21) DAY DEADLINE**

Plaintiff, a state prisoner proceeding pro se, filed this action on October 11, 2019, without paying the filing fee or filing an application to proceed *in forma pauperis*. (Doc. 1.) On October 18, 2019, the Court directed Plaintiff to either pay the filing fee or submit a completed application to proceed *in forma pauperis* within 30 days of the date of the order. (Doc. 2.) Plaintiff filed a completed application to proceed *in forma pauperis* on October 29, 2019. (Doc. 3.)

Plaintiff filed the case on the form for claims brought under 42 U.S.C. § 1983. (Doc. 1.) A review of Plaintiff's complaint reveals that Plaintiff's allegations relate to his conviction in a state court criminal case and certain actions of the prosecutor and his defense attorneys. (*See id.* at 3–5.) Plaintiff contends he was provided ineffective assistance of counsel by Defendants Marjorie Sheldon and Ciummo and Associates, and that Defendant Noah Marshal pressured him into pleading guilty. (*See id.*) It is difficult to discern whether Plaintiff wishes to pursue this as a

petition for *habeas corpus* or as a civil rights action under 42 U.S.C. § 1983.

Plaintiff is provided the form complaints for both types of actions, leave to file an amended complaint on the form that corresponds with the action he intends to pursue here, and information pertaining to the differences in filing fees between each type of action. Plaintiff's application to proceed *in forma pauperis*, (Doc. 3), is sufficient and Plaintiff will not be required to re-file an application to proceed *in forma pauperis* with his amended complaint.

**I.     Civil Rights Claims Under 42 U.S.C. § 1983**

The Civil Rights Act provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983 ("section 1983"). The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff during his confinement. *See Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). To state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

A plaintiff seeking relief under section 1983 must also establish that the defendants acted under the color of state law. *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir.1986). A "lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983." *Polk Cnty. v. Dodson*, 454 U.S. 312, 318 (1981). This rule applies even if counsel was appointed by the court to represent Plaintiff at his criminal

trial. *Id*. at 318–19.[1]

### A. <u>Screening Requirement</u>

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous, malicious, fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

District attorneys and other prosecutors are absolutely immune from civil suits for damages under section 1983 that challenge activities related to the initiation and presentation of criminal prosecutions. *Imbler v. Patchtman*, 424 U.S. 409, 424–28, 431 (1976); *see also Van de Kamp v. Goldstein*, 555 U.S. 335, 342–43 (2009); *Botello v. Gammick*, 413 F.3d 971, 975 (9th Cir .2005); *Demery v. Kupperman*, 735 F.2d 1139, 1144 (9th Cir. 1984) (holding prosecutorial immunity extends to actions during both the pre-trial and post-trial phase of a case).

### B. <u>Filing Fee</u>

The filing fee for civil actions is $400: $350 pursuant to 28 U.S.C. § 1914(a) and a $50 administrative fee pursuant to 28 U.S.C. § 1914, note 14. A party who cannot afford to pay that amount in a lump sum, may apply for *in forma pauperis* status under 28 U.S.C. § 1915. This section states:

> (b)(1) . . . if a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of --
>   (A) the average monthly deposits to the prisoner's account; or
>   (B) the average monthly balance in the prisoner's account for the 6-
>   month period immediately preceding the filing of the complaint or notice
>   of appeal.
> (2) After the initial partial filing fee, the prisoner shall be required to make

---

[1] This does not preclude Plaintiff from seeking relief in state court for alleged attorney malpractice. However, the federal court lacks subject matter jurisdiction over such a state law claim, 28 U.S.C. §§ 1331, 1332; *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 377 (1994), and would be required to dismiss it. *Mamigonian v. Biggs,* 710 F.3d 936, 942 (9th Cir.2013).

3

> monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

Thus, *in forma pauperis* status does not waive the civil action filing fee for incarcerated plaintiffs; it instead allows an incarcerated plaintiff to make payments on the filing fee until it is paid in full.

If Plaintiff desires to proceed *in forma pauperis* in this case under 42 U.S.C. § 1983 and his application is granted, monthly withdrawals will be made from his inmate trust account for his filing fees for this action. Such withdrawals will continue until the filing fees in all of Plaintiff's civil actions are paid in full, regardless of whether the action remains pending.

### C. *Heck v. Humphrey*

When seeking damages for an allegedly unconstitutional conviction or imprisonment, "a [section] 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 487-88 (1994). "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under [section] 1983." *Id.* at 488.

## II. Habeas Actions Under 28 U.S.C. § 2254

Section 1983 and "the federal habeas corpus statute . . . both provide access to the federal courts 'for claims of unconstitutional treatment at the hands of state officials . . . [but] they differ in their scope and operation.'" *See Ramirez v. Galaza*, 334 F.3d 850, 854 (9th Cir. 2003) (quoting *Heck*, 512 U.S. 477, 480 (1994)). Federal courts must take care to prevent prisoners from relying on section 1983 to subvert the differing procedural requirements of habeas corpus proceedings under 28 U.S.C. § 2254. *See Heck*, 512 U.S. at 486–87; *see also Simpson v. Thomas*, 528 F.3d 685, 695 (9th Cir. 2008). When a prisoner challenges the legality or duration of his custody, raises a constitutional challenge which could entitle him to an earlier release (such as ineffective assistance of counsel), or seeks remedies for purported deficiencies in his state court criminal case, his sole federal remedy is the writ of *habeas corpus*. *See Heck*, 512 U.S. at 481–82; *see also Edwards v.*

4

*Balisok*, 520 U.S. 641, 648 (1997); *Wolf v. McDonnell*, 418 U.S. 539, 554 (1974); *Preiser v. Rodriguez*, 411 U.S. 475 (1973).

### A. <u>**Exhaustion Requirement**</u>

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Rose v. Lundy*, 455 U.S. 509, 518 (1982).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. *Duncan v. Henry*, 513 U.S. 364, 365 (1995). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. *Duncan*, 513 U.S. at 365 (legal basis); *Kenney v. Tamayo-Reyes*, 504 U.S. 1 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. *Duncan*, 513 U.S. at 365-66. In *Duncan*, the United States Supreme Court reiterated the rule as follows:

> In *Picard v. Connor*, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

*Duncan*, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. *See Shumway v. Payne*, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in *Duncan*, this court has held that the *petitioner must make the federal basis of the claim*

> *explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident,"* Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing *Anderson v. Harless*, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. *Hiivala v. Wood*, 195 F3d 1098, 1106-07 (9th Cir. 1999); *Johnson v. Zenon*, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
>
> In *Johnson*, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

*Lyons v. Crawford*, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added), *as amended by Lyons v. Crawford*, 247 F.3d 904, 904-5 (9th Cir. 2001).

Failure to present claims for federal relief to the California Supreme Court will result in dismissal. *Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006); *Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir. 2001). The Court cannot consider a petition that has not been exhausted. *Rose v. Lundy*, 455 U.S. 509, 521-22 (1982).

### B. Filing Fee

The fee for filing a habeas petition is $5.00 pursuant to 28 U.S.C. § 1914, which will be waived on showing of poverty pursuant to an application to proceed *in forma pauperis*, as described above.

## III. CONCLUSION

Because it is unclear which form of action Plaintiff desires to pursue, Plaintiff is granted leave to file a first amended complaint on the appropriate form **within twenty-one (21) days** from the date of service of this order. If Plaintiff no longer desires to pursue this action, he shall file a notice of voluntary dismissal **within the twenty-one (21) day deadline.** If Plaintiff needs an extension of time to comply with this order, Plaintiff shall file a motion seeking an extension of time **within the twenty-one (21) day deadline.**

If Plaintiff decides to pursue claims under section 1983, he must demonstrate in any first amended complaint how the events of which he complains resulted in a deprivation of his constitutional rights. *See Ellis v. Cassidy*, 625 F.2d 227 (9th Cir. 1980). The first amended

complaint must allege in specific terms how each named defendant is not immune from suit and was acting under color of state law.  In addition, Plaintiff's allegations must establish each named defendant's involvement in the alleged deprivation, as there can be no liability under section 1983 unless there is some affirmative link or connection between a defendant's actions and the alleged constitutional violation.  *Rizzo v. Goode*, 423 U.S. 362 (1976); *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff's first amended complaint should be brief.  Fed. R. Civ. P. 8(a).  Such a short and plain statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  *Twombly*, 550 U.S. 127, 555 (2007) (citations omitted).

Plaintiff is further advised that an amended complaint supersedes the original, *Lacey v. Maricopa County*, Nos. 09-15806, 09-15703, 2012 WL 3711591, at *1 n.1 (9th Cir. Aug. 29, 2012) (en banc), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.  If Plaintiff pursues this action under § 1983, he may not change the nature of this suit by adding new, unrelated claims in his first amended complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff is granted leave to amend his pleading;
2. The Clerk's Office SHALL send Plaintiff a civil rights complaint form and a *habeas corpus* petition form*;*
3. **Within twenty-one (21) days** from the date of service of this order, Plaintiff must file:
   a. a first amended complaint under 24 U.S.C. § 1983; or
   b. a *habeas corpus* petition; or
   c. a notice of voluntary dismissal; and

7

4. **If Plaintiff fails to comply with this order, this action will result in recommendation to the assigned district judge that this case be dismissed for failure to comply with a court order.**

IT IS SO ORDERED.

Dated: **November 20, 2019**  /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE