# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS DOYLE,<br><br>          Plaintiff,<br><br>    v.<br><br>NOAH MARSHAL, et al.,<br><br>          Defendants. | Case No. 1:19-cv-01435-NONE-SKO<br><br>**ORDER TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE DISMISSED FOR PLAINTIFF'S FAILURE TO COMPLY WITH THE COURT'S ORDER**<br><br>**(Doc. 4)**<br><br>**TWENTY-ONE (21) DAY DEADLINE** |

On October 11, 2019, Plaintiff filed the complaint in this case against Defendants. (Doc. 1.) Plaintiff also filed a motion to proceed in forma pauperis. (Doc. 3.) On November 21, 2019, the Court issued an order directing Plaintiff to file either a first amended complaint under 42 U.S.C. § 1983, a habeas corpus petition, or a notice of voluntary dismissal within 21 days of the date of service of the order. (Doc. 4.) To date, Plaintiff has not complied with the November 21, 2019 order.[1]

The Local Rules of the United States District Court for the Eastern District of California, corresponding with Rule 11 of the Federal Rules of Civil Procedure, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." E.D. Cal. L.R. 110.

---

[1] The Clerk mailed the November 21, 2019 order to Plaintiff, but the order was returned as undeliverable on December 4, 2019. (*See* Docket.) On January 8, 2020, Plaintiff filed a notice of change of address, and the Clerk updated his address on the docket to "AZ-7224, North Kern State Prison (5004), P.O. Box 5004, Delano, CA 93216-9022." (*See* Doc. 5.) On January 13, 2020, the Clerk re-served Plaintiff with the November 21, 2019 order at his new address, (*see* Docket), and the deadline to comply with the order has now passed.

1

"District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions, including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

**Accordingly, Plaintiff is ORDERED to show cause, within twenty-one (21) days of the date of service of this order, why this action should not be dismissed for his failure to comply with the Court's November 21, 2019 Order, (Doc. 4), within the specified period of time**. The Court further CAUTIONS Plaintiff that, if Plaintiff fails to file this statement within twenty-one (21) days of the date of service of this Order, the Court will recommend to the presiding district court judge that this action be dismissed, in its entirety.

IT IS SO ORDERED.

Dated: **March 4, 2020**　　　　　　　　　　　/s/ *Sheila K. Oberto*
　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE